FILED

2015 NOV -3 AM 11:55

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HONEY McEWAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OSP GROUP, L.P., a Delaware limited partnership; et al.,<br><br>Defendants. | Case No.: 14-cv-2823-BEN (WVG)<br><br>**ORDER DENYING MOTION TO STAY** |
|---|---|

Before this Court is a Motion to Stay, filed by Defendants OSP Group, L.P., OSP Group Merchant, Inc., OSP Group, Inc., and OSP Group, LLC (collectively, "OSP"). (Docket No. 46.) For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff initiated this putative class action in state court, alleging violations of the California Invasion of Privacy Act ("CIPA"). Defendants removed the matter to this Court on November 26, 2014. (Docket No. 1.) On December 22, 2014, Plaintiff filed a First Amended Complaint. (Docket No. 18.) On July 2, 2015, the Court granted in part and denied in part Defendants' motion to dismiss.

Defendants attest that they made a Rule 68 offer to Plaintiff, which she declined. As a result, they move to stay this action pending the United States Supreme Court's

decision in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). The *Gomez* Court will address two relevant questions: (1) whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim; and (2) whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified. (Mot. 5, Declaration of Brendan F. Hug, Ex. B at 12.)

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a court considers: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

First, Defendants argue that neither party will be damaged by a stay because this case is still in its infancy. (Mot. 6-7.) Plaintiff argues that further delay in her ability to conduct discovery will make it more difficult to proceed in the subsequent phases of litigation, such as class certification. (Opp'n 8.) Significant delays in discovery can certainly hinder a party's ability to formulate substantive motions. Notably, Plaintiff prays for injunctive relief. (FAC at 6.) Prolonging the resolution of the alleged privacy violations, and whether Plaintiff is entitled to injunctive relief, is not necessary. *See Lockyer*, 398 F.3d at 1112 (denying stay where plaintiff sought injunctive relief); *Imagenetix, Inc. v. GNC Parent, LLC*, No. 12-cv-89, 2012 WL 2923314, at *3 (S.D. Cal. July 18, 2012). This factor therefore weighs against a stay.

Second, Defendants argue that both parties will suffer hardship if forced to continue litigation because they will incur "potentially avoidable costs" and struggle

through discovery disputes. (Mot. 7-8.) The Court agrees with Plaintiff that the ordinary hardship of litigation is not sufficient to warrant a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). Defendants failed to present any legally cognizable hardship. Thus, the second factor also weighs against a stay.

Third, Defendants argue that the *Gomez* decision will simplify, if not dispose of, this case. Plaintiff disagrees because the settlement offer here did not provide complete relief as in *Gomez*. Without assessing the merits of the Parties' arguments, the Supreme Court's decision in *Gomez* will likely have some impact in simplifying this case. Accordingly, the final factor weighs in favor of a stay.

## CONCLUSION

As two out of three factors weigh against staying this case, the Court exercises its discretion and **DENIES** Defendants' Motion.

**IT IS SO ORDERED.**

Dated: November 2, 2015

Hon. Roger T. Benitez
United States District Judge