1   JAMES T. HANNINK (131747)
    jhannink@sdlaw.com
2   ZACH P. DOSTART (255071)
    zdostart@sdlaw.com
3   DOSTART HANNINK & COVENEY LLP
    4180 La Jolla Village Drive, Suite 530
4   La Jolla, California 92037-1474
    Tel:  858-623-4200
5   Fax: 858-623-4299

6   Attorneys for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  HONEY McEWAN, SUSAN                 CASE NO. 3:14-cv-02823 BEN (WVG)
    CAMERON, and LILLIAN GILDEN,
12  individually and on behalf of all others   **THIRD AMENDED CLASS
    similarly situated,                 ACTION COMPLAINT FOR
13                                       VIOLATION OF THE
                        Plaintiffs,     CALIFORNIA INVASION OF
14                                       PRIVACY ACT**
    vs.                                 **[Cal. Penal Code § 630** *et seq.***]**
15
    OSP GROUP, L.P., a Delaware
16  Limited Partnership, OSP GROUP
    MERCHANT, INC., a Delaware
17  Corporation, OSP GROUP, INC., a
    Delaware Corporation, OSP GROUP,
18  LLC, a Delaware Limited Liability
    Company, JESSICA LONDON, INC., a
19  Delaware corporation; and DOES 2-50,
    inclusive,
20
                        Defendants.
21

22

23

24

25

26

27

28

## GENERAL ALLEGATIONS

1.     Plaintiff Honey McEwan ("McEwan") is an individual residing in Healdsburg, California.   Plaintiff Susan Cameron ("Cameron") is an individual residing in Orange, California.   Plaintiff Lillian Gilden ("Gilden") is an individual residing in Porterville, California.   McEwan, Cameron, and Gilden are collectively referred to as "Plaintiffs."

2.     Plaintiffs are informed and believe and thereon allege that defendant OSP Group, L.P. is a Delaware limited partnership that does business in this judicial district.

3.     Plaintiffs are informed and believe and thereon allege that defendant OSP Group Merchant, Inc. is a Delaware corporation that does business in this judicial district.

4.     Plaintiffs are informed and believe and thereon allege that defendant OSP Group, Inc. is a Delaware corporation that does business in this judicial district.

5.     Plaintiffs are informed and believe and thereon allege that defendant OSP Group, LLC is a Delaware limited liability company that does business in this judicial district.

6.     Upon the filing of the complaint in this action, plaintiffs were ignorant of the true name of the defendant designated by the fictitious name of DOE 1. Plaintiffs have since discovered that the true name of the defendant originally designated as DOE 1 is Jessica London, Inc., a Delaware corporation ("Jessica London"), and this Third Amended Complaint substitutes the true name for the fictitious name.   Plaintiffs are informed and believe and thereon allege that defendant Jessica London is a Delaware corporation that does business in this judicial district.

7.     Plaintiffs do not know the names of the defendants sued as DOES 2 through 50 but will amend this complaint when that information becomes known. Plaintiffs allege on information and belief that each of the DOE defendants is

2

affiliated with one or more of the named defendants in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of one or more named defendants.   For ease of reference, plaintiffs will refer to the named defendants and the DOE defendants collectively as "defendants."

8.     Defendants OSP Group, L.P., OSP Group Merchant, Inc., OSP Group, Inc., and OSP Group, LLC removed this lawsuit to this Court pursuant to 28 U.S.C. § 1332(d) (CAFA jurisdiction).   Venue is proper in this judicial district because defendants have not designated principal offices in California and at least some of the events giving rise to the class claims occurred in this judicial district.

9.     During the applicable statute of limitations, while plaintiff McEwan resided in and was physically present in the State of California, and while she was using a cordless telephone, McEwan had one or more telephone communications with defendants' representatives.

10.     During the applicable statute of limitations, while plaintiff Cameron resided in and was physically present in the State of California, and while she was using a landline telephone, Cameron had one or more telephone communications with defendants' representatives in which she provided confidential personal and financial information to defendants, including her address and credit card information.

11.     During the applicable statute of limitations, while plaintiff Gilden resided in and was physically present in the State of California, and while she was using a cellular telephone, Gilden had one or more telephone communications with defendants' representatives.

12.     Plaintiffs allege on information and belief that defendants secretly recorded these communications.   Defendants did not notify McEwan, Cameron, or Gilden that defendants were recording the communications, nor did defendants obtain plaintiffs' consent.

3

13.    Plaintiffs allege on information and belief that, during the applicable statute of limitations, defendants routinely recorded incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California without notifying the customers that the communications were being recorded.

14.    California Penal Code § 632 prohibits the recording of a confidential communication made by telephone without the consent of all parties to the communication.   California Penal Code § 632.7 prohibits the recording of any communication without the consent of all parties where one of the parties to the communication is using a cordless or cellular telephone.

15.    Defendants' practice of surreptitiously recording telephone communications violates Penal Code §§ 632 and 632.7.

## CLASS ACTION ALLEGATIONS

16.    Plaintiffs bring this lawsuit as a class action under Fed. R. Civ. P. 23. The class ("Class") plaintiffs seek to represent is defined as follows:  "All natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through records held by defendants and/or third parties.  Excluded from the class are all employees of defendants, all attorneys and employees of defendants' counsel, attorneys and employees of plaintiff's counsel, and the judicial officers to whom this matter is assigned and their respective court staff."

17.    Ascertainability.  The members of the Class may be ascertained by reviewing records in the possession of defendants and/or third parties, including without limitation defendants' call records, customer records, call lists, and the secret recordings themselves.

4

18.   <u>Common Questions of Fact or Law.</u>  There are questions of fact or law that are common to the Class, which predominate over individual issues.  These common questions include, without limitation: (1) defendants' policies and procedures for recording telephone communications with customers in California; (2) whether defendants notify their customers that the customers' telephone communications are recorded; (3) whether defendants' conduct constitutes a violation of Penal Code §§ 632 and/or 632.7; (4) defendants' recordkeeping practices; and (5) the appropriate remedies for defendants' conduct.

19.   <u>Numerosity.</u>   The Class is so numerous that joinder of all Class members would be impracticable.  Plaintiffs are informed and believe that the Class consists of at least 100 members.

20.   <u>Typicality and Adequacy.</u>  Plaintiffs' claims are typical of the claims of the Class members.  Like the other Class members, plaintiffs participated in one or more telephone communications with defendants that were secretly recorded.  Plaintiffs have no interests that are adverse to those of the other Class members.  Plaintiffs will fairly and adequately protect the interests of the Class members.

21.   <u>Superiority</u>.  A class action is superior to other methods for resolving this controversy.  On information and belief, because defendants' recording activity is not disclosed, class members are unlikely to be aware of their claims.  Moreover, because the damages suffered by each Class member are low, the expense and burden of individual litigation would make it impracticable for members of the Class to redress the wrongs done to them.  Class certification will also conserve judicial resources and avoid the possibility of inconsistent judgments.

### FIRST CAUSE OF ACTION

(Violation of Cal. Penal Code § 630 *et seq*.)

22.   Plaintiffs incorporate by reference all of the preceding paragraphs.

23.   Plaintiffs allege on information and belief that, within the applicable statute of limitations, plaintiffs and the Class members, while residing in and

1  physically present in the State of California, participated in telephone
2  communications with live representatives of defendants, which communications
3  were recorded by defendants without the consent of plaintiffs and the Class
4  members.  Defendants did not notify McEwan, Cameron, Gilden, or other Class
5  members that the communications were being recorded.

6      24.  Penal Code § 632 prohibits the intentional recording of a confidential
7  communication without the consent of all parties to the communication.  Plaintiff
8  Cameron and other Class members who used a landline telephone had an objectively
9  reasonable expectation that their telephone communications were confidential and
10  were not being recorded.  There were no beeps, warnings, or recording disclosures
11  played that would lead plaintiffs and the Class members to believe that their
12  communications were being recorded.  Defendants violated § 632 by intentionally
13  recording the communications with plaintiff Cameron and other Class members who
14  used a landline telephone without obtaining their consent.

15      25.  Penal Code § 632.7 prohibits the intentional recording of a
16  communication without the consent of all parties where at least one of the parties to
17  the communication is using a cellular or cordless telephone.  Defendants violated
18  § 632.7 by intentionally recording the communications with plaintiffs McEwan,
19  Gilden, and other Class members who used a cordless or cellular telephone without
20  obtaining their consent.

21      26.  As a result of defendants' conduct, plaintiffs and the Class members
22  have been injured.  Accordingly, plaintiffs and the Class members are entitled to
23  statutory damages of $5,000 per recorded communication pursuant to Penal Code
24  § 637.2(a)(1) and injunctive relief to halt the secret recording of communications
25  pursuant to Penal Code § 637.2(b).
26  / / /
27  / / /
28  / / /

THIRD AMENDED CLASS ACTION COMPLAINT                              3:14-cv-02823 BEN WVG

1

## **PRAYER**

2    WHEREFORE, plaintiffs pray for judgment against defendants as follows:

3    1.    For statutory damages as alleged herein;

4    2.    For injunctive relief as alleged herein;

5    3.    For costs of suit;

6    4.    For pre-judgment interest; and

7    5.    For such other relief as the Court may deem just and proper.

8    Dated: March 29, 2016                DOSTART HANNINK & COVENEY LLP

9

10                                  /s/ James T. Hannink

11                                  JAMES T. HANNINK
                                    Attorneys for Plaintiffs

12   754511.3

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED CLASS ACTION COMPLAINT                        3:14-cv-02823 BEN WVG