1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   HONEY McEWAN, et al.,                Case No.:  14-cv-2823-BEN (WVG)

12                            Plaintiffs,  **ORDER ON JOINT MOTION**
                                           **FOR DETERMINATION OF**
13   v.                                    **DISCOVERY DISPUTES**

14   OSP GROUP, L.P., et al.,

15                            Defendants.

16

17        Plaintiffs Honey McEwan and Susan Cameron ("plaintiffs") bring this putative class

18   action against OSP Group, L.P., OSP Group Merchant, Inc., OSP Group, Inc., and OSP

19   Group, LLC ("OSP") seeking damages for alleged violations of the California Invasion of

20   Privacy Act ("the Privacy Act"), Cal. Pen. Code § 630 *et seq.* Now before the Court is a

21   joint motion for the determination of several discovery disputes bearing on the scope of

22   precertification discovery. For the reasons that follow, the Court grants each of plaintiffs'

23   requests to compel discovery and orders OSP to comply with the discovery requests no

24   later than April 22, 2016.

25   **I.    BACKGROUND**

26        McEwan commenced this case on October 17, 2014 by filing a class action

27   complaint in California state court alleging violations of California Penal Code Sections

28   632 and 632.7. Complaint, attached as Exh. A to OSP's Notice of Removal, ECF No. 1.

OSP removed the action to this Court on diversity grounds on November 26, 2014. Notice of Removal, ECF No. 1.

On July 2, 2015, District Judge Roger Benitez granted in part and denied in part OSP's motion to dismiss McEwan's First Amended Complaint. Order Granting in Part Motion to Dismiss for Failure to State a Claim and Denying Motion to Strike, ECF No. 37. Judge Benitez also denied OSP's motion to strike the class allegations. *Id.*

On December 4, 2015, this Court entered a Scheduling Order, which, at the joint request of the parties,  required that all fact discovery on both class certification and merits issues be completed by July 1, 2016. Scheduling Order, ¶2, ECF No. 56.

McEwan filed a Second Amended Complaint ("SAC") on December 30, 2015. Second Amend. Compl., ECF No. 60. The SAC added a second named plaintiff, Susan Cameron, who allegedly communicated with OSP using a traditional landline telephone.

On March 29, 2016, plaintiffs filed a Third Amended Complaint ("TAC"). Third Amend. Compl., ECF No. 74. The TAC adds a third named plaintiff, Lillian Gilden, who allegedly communicated with OSP via a mobile phone.

Both the SAC and the TAC define the putative class as:

> All natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through records held by defendants and/or third parties.

Second Amend. Compl., ¶14, ECF No. 60; Third Amend. Compl., ¶16, ECF No. 68-3.

## II.    THE DISCOVERY DISPUTES

At issue on this motion are OSP's objections to the following discovery requests: (1) plaintiffs' request that OSP identify and provide contact information for putative class members; (2) plaintiffs' request that OSP identify calls to putative class members that are associated with orders that were shipped to California addresses; and (3) plaintiffs' request

1   that OSP identify current and former employees who participated in calls with putative

2   class members and provide contact information for former employees.

3       Counsel met and conferred concerning these disputes on February 8, 2016. OSP

4   served supplemental and amended responses on February 12, 2016. The joint motion was

5   filed on February 25, 2016.

6   **III.   DISCUSSION**

7       **A.    Disclosure of Caller Information**

8       Although OSP acknowledges that fact discovery on class certification and merits

9   issues has not been bifurcated, OSP nevertheless argues that disclosure of caller

10  information is premature because plaintiffs have not shown that the information will assist

11  plaintiffs in certifying a class under Rule 23 and disclosure of caller information may

12  violate its customers' privacy rights under California's constitution. Joint Mot. 11-19, ECF

13  No. 67. This Court disagrees.

14      "The decision to bifurcate discovery in putative class actions prior to certification is

15  committed to the discretion of the trial court." *True Health Chiropractic Inc. v. McKesson*

16  *Corp.*, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015); *see also Vinole v. Countrywide*

17  *Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion

18  to control the class certification process, and '[w]hether or not discovery will be permitted

19  … lies within the sound discretion of the trial court.'" (quoting *Kamm v. Cal. City Dev.*

20  *Co.*, 509 F.2d 205, 209 (9th Cir. 1975))). Even where discovery is bifurcated, the Ninth

21  Circuit has instructed that "the better and more advisable practice" is to "afford the litigants

22  an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole*,

23  571 F.3d at 942 (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.

24  1977)). "[F]ailing to allow precertification discovery where it is necessary to determine the

25  existence of a class is an abuse of discretion." *Perez v. Safelite Group Inc.*, 553 Fed. App'x

26  667, 669 (9th Cir. 2014) (citing *Kamm*, 509 F.2d at 210).

27      Here, at the specific request of the parties, the Court elected to combine fact

28  discovery on class certification and expert issues and ordered the parties to complete all

such discovery by July 1, 2016. Scheduling Order, ¶2, ECF No. 56. The Court reached this decision after considering the statements of counsel for both parties at the Case Management Conference that class and merits issues were closely linked and that combined discovery would promote the efficient resolution of this litigation. OSP has presented no persuasive arguments why the Court should reconsider that decision or delay the disclosure of caller information.

First, the Court finds that plaintiffs' class allegations are sufficiently plausible so as to entitle plaintiffs to some discovery on the issue of class certification.[1] Judge Benitez's order denying OSP's motion to strike the class allegations has undeniable relevance here. Order Granting in Part Motion to Dismiss for Failure to State a Claim and Denying Motion to Strike at 11, ECF No. 37. And the Court's own independent review of the TAC indicates that plaintiffs' class allegations make out a *prima facie* case under Rule 23. Plaintiffs allege that the class meets the numerosity requirement. Third Amend. Compl., ¶19, ECF No. 75. Plaintiffs also plausibly allege that there are several common question of fact and law that predominate over individual issues, including whether OSP notified its customers that telephone calls were recorded. *Id.* ¶18. Plaintiffs also allege, and OSP has provided no reason to doubt, that their claims are typical of the claims of the putative class members and that they will fairly and adequately protect the interests of the class members. *Id.* ¶20. Finally, plaintiffs allege that the class action is superior to other methods for resolving this controversy because the damages suffered by each putative class member are low and the burden of litigating each claim on an individual basis would make obtaining redress for members of the class impracticable. *Id.* ¶21.

Second, the Court finds that caller information has clear relevance to class certification.[2] OSP has signaled that it will oppose class certification on the grounds that

---

[1] The Court's focus is solely on whether plaintiffs have shown that the class allegations are sufficiently plausible as to entitle plaintiffs to discovery on the issue of class certification. The Court makes no finding regarding plaintiffs' entitlement to class certification.

[2] The Court disagrees with plaintiffs' contention that OSP has waived its relevance objection by asserting it in the first instance as a boilerplate objection.

4

consent and confidentiality are individualized issues that cannot be resolved through class-wide proof. Joint Mot. 16-17, ECF No. 67. In this regard, the Supreme Court had directed courts considering class certification motions to engage in a "rigorous analysis" to determine whether Rule 23's prerequisites have been satisfied, an analysis that will frequently "overlap with the merits of plaintiff's underlying claim. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Recent class certification decisions in Privacy Act cases also make clear that plaintiffs' success or failure on class certification will depend in large part on plaintiffs' ability to assemble a detailed record addressing the nature and content of the calls. *See, e.g., NEI Contracting and Engineering, Inc.*, 2015 WL 4923510, at *4 (S.D. Cal. Aug. 18, 2015); *Ades v. Omni Hotels Mgmt. Corp.*, 2014 WL 4627271, at *10-13 (C.D. Cal. Sept. 8, 2014); *Quesada v. Banc of America Inv. Servs. Inc.*, 2013 WL 623288, at *5-7 (N.D. Cal. Feb. 19, 2013). Communication with putative class members may or may not assist plaintiffs in this regard, but plaintiffs are entitled to try.[3]

Third, the Court is unpersuaded by OSP's perfunctory argument that disclosure of caller information here would violate the right to privacy found in Article I, Section 1 of California's constitution. The California Supreme Court has explained that the privacy right protects only an "individual's *reasonable* expectation of privacy against a *serious* invasion." *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 370 (2007) (emphasis in original). A "serious" invasion of privacy is one that "in nature, scope, and actual or potential impact [would] constitute an egregious breach of social norms." *Id.* at 371. If the court finds that these criteria are met, then it must balance the privacy interest against competing interests, including the discovery rights of civil litigants. *Id.*

*Pioneer* itself involved a request for precertification disclosure of contact information for putative class members. Granting the request, the court cautioned that

---

[3] Although not an issue to be resolved on this motion, plaintiffs allege that, subsequent to service of the complaint in this matter, OSP destroyed, or allowed to be purged from its system, recorded conversations between customers and OSP's representatives. Plaintiffs argue that the approximately 150,000 missing phone records make it all the more important to obtain customer contact information.

14-cv-2823-BEN (WVG)

"[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Id.* at 373. "Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id.* Where necessary, the court may employ "[p]rotective measures, safeguards and other alternatives [to] minimize the privacy invasion." *Id.* at 371.

While *Pioneer* held that the trial court did not abuse its discretion by requiring plaintiffs to mail notice to putative class members prior to disclosure of their contact information, *id.* at 373, the court "did not impose a notice requirement." *Tierno v. Rite Aid Corp.*, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008); *see also Reed v. 1-800 Contacts, Inc.*, 12-cv-2359-JM (BGS), ECF No. 22 (S.D. Cal. March 29, 2013) (ordering defendant to produce contact information for putative class members without opt-out notice); *Algee v. Nordstrom, Inc.*, 2012 WL 1575314, at *5-6 (N.D. Cal. May 3, 2012) (same); *Khalilpour*, 2010 WL 1267749, at *3 (same).

Here, OSP has failed to demonstrate that disclosure of the names and contact information of putative class members to plaintiffs' counsel would infringe on its' customers' privacy rights. Consumers may reasonably expect that businesses to which they have provided their names and contact information will not disseminate that information to third parties. However, the disclosure of contact information during discovery in civil litigation generally does not constitute a serious invasion of that privacy interest, let alone an egregious breach of social norms. Any remaining confidentiality concerns are sufficiently addressed by the protective order already in place in this case. *See Pioneer*, 40 Cal.4th at 373 ("[I]f intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know, privacy concerns are assuaged."). OSP has not argued for the use of a notice procedure in this case, and the Court does not find that such notice is required.

Finally, the Court rejects OSP's argument that plaintiffs have an untoward motivation for seeking caller information, namely, "to solicit additional named plaintiffs." Joint Mot. 19, ECF No. 67. As an initial matter, there is no reason to believe that solicitation of further named plaintiffs is a pressing concern. The named plaintiffs in this case already include a landline user, a cordless phone user and a mobile phone user. Moreover, the fact that information that is relevant and discoverable may also be used for a purpose that, on its own, would not justify disclosure of that information, is not a reason to deny or delay disclosure. Here, the identification of potential class members is relevant to class certification and to the merits, and is not disproportionate to the needs of the case, or otherwise prohibited by law. Nothing more is required.

### B.  Identification of Calls Associated with Shipments to California

OSP also objects to plaintiffs' second interrogatory, which requires OSP to identify calls involving putative class members that are "associated with or resulted in an order shipped to a California mailing address." Joint Mot. 12-13, ECF No. 67. OSP's objection is unavailing.

As an initial matter, the Court finds that OSP has failed to preserve its undue burden objection to this interrogatory. Under chambers rules, "[w]here the responding party provides boilerplate or generalized objections, the 'objections are inadequate and tantamount to not making any objection at all.'" Chambers Rules, App'x B, section A, part 1 (quoting *Walker v. Lakewood Condominium Owners Assocs.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *cf.* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Here, OSP's undue burden objection consists of nothing more than boilerplate assertions that the requested discovery would be "unduly burdensome and harassing." ECF 67-2 at 7. OSP has waived the objection.

Even had OSP preserved this argument, the Court would have rejected the objection on the merits. In deciding whether a request is unduly burdensome, a court must balance the burden to the responding party against the benefit to the party seeking the discovery.

*Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 2012 WL 5519199, at *3 (N.D. Cal. 2012). "[T]he party opposing discovery [then] has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.* (citing *DirectTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). The party opposing discovery is "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Brady v. Grendene USA, Inc.*, 2014 WL 4925578, at *3 (S.D. Cal. Sept. 26, 2014).

Here, plaintiffs have met their burden of showing that the discovery is relevant to both class certification and the merits. OSP argues that the information sought has only limited relevance because "[t]here is no direct relationship between a shipping destination and a caller's location or residence at the time of the call." Joint Mot. 13, ECF 67. But evidence is not without relevance simply because it is circumstantial or does not constitute proof beyond a reasonable doubt. *See* Fed. R. Civ. P. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."). The information sought by plaintiffs may tend to show that a caller was a California resident and was physically present in the state at the time of the call, both of which are elements that plaintiffs may be required to prove in this action. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 119 (2006). The requested discovery is therefore relevant.

OSP has failed to convincingly demonstrate in response that the burden of answering the interrogatory outweighs the likely relevance of the information. OSP's objection is supported on this motion by a declaration in which David McInnis, its Vice President of Customer Care, states that:

> [t]here were over 611,000 calls recorded with California area codes during the class period. The process necessary to create a table

identifying which recorded telephone calls are associated with an order that was shipped to a California address would be incredibly time-consuming and burdensome, if not impossible. To create such a table, or gather such information, I would need to have our IT team first run a search to find all orders shipped to a California zip code during the class period. Once I had this information, I would need to individually check each order, one by one, to determine whether the order was associated with a California telephone number, and to determine whether the order was placed via a call that was recorded (assuming that Plaintiffs are requesting this information for orders that were completed via a recorded telephone call and not near in time to a recorded call). This process would take months to complete, if not a year or more.

McInnis Decl., ECF No. 67-9. The declaration is insufficient to support OPS's contention that compliance with the discovery request would be unduly burdensome. Mr. McInnis fails to lay a foundation for his opinion that each order would need to be manually cross-checked against the table of calls with a California area code. Mr. McInnis does not represent that he has a technical background or any particular knowledge of OSP's information technology capabilities. Without such a foundation, the declaration is not competent evidence and cannot meet OSP's burden.

### C.   Identification of Employees is Warranted

The last area of dispute concerns the identification of employees. The requests at issue seek: (1) the names of OSP's current call center agents who participated in calls to putative class members; and (2) the names and contact information of former OSP call center agents who participated in calls to putative class members. OSP argues that, under Section 1985.6 of the California Code of Civil Procedure, its employees must be given notice of the discovery request and an opportunity to object. This Court disagrees.[4]

Section 1985.6 provides that "[p]rior to the date called for in the subpoena duces tecum for the production of employment records, the subpoenaing party shall serve or

---

[4] During oral argument, plaintiffs asserted that Section 1985.6 does not apply in federal court. Because plaintiffs did not raise this argument in the joint motion, and because the Court finds the argument that plaintiffs did make dispositive, the Court does not address this issue.

cause to be served on the employee whose records are being sought a copy of [the subpoena]." Cal. Code Civ. Proc. § 1985.6(b). The statute defines "employment records" as "the original or any copy of books, documents, other writings, or electronically stored information pertaining to the employment of any employee maintained by the current of former employer of the employee, or by any labor organization that has represented or currently represents the employee." Cal. Code Civ. Proc. § 1985.6(a)(3). Thus, by its plain terms, Section 1985.6 only applies to the use of a subpoena duces tecum for the production of employment records. Because the instant dispute involves neither a subpoena duces tecum, nor employment records, Section 1985.6 is inapposite.

OSP relies on *Life Technologies Corporation v. Superior Court*, 197 Cal.4th 640 (2011), a decision of the California Court of Appeal, First District. In *Life Technologies*, the appellate court reviewed a trial court order requiring a defendant employer to answer interrogatories requesting extensive and sensitive employee information—including the identity and contact information employees, the reasons for the termination of certain employees, and whether those employees were offered and/or accepted severance payments. *Id.* at 647-56. The court of appeal held that the trial court abused its discretion by requiring the defendant to respond to the interrogatory without first weighing the plaintiff's need for each individual category of information against the privacy interest. *Id.* at 655-56. The court also found that, to the extent disclosures were warranted, the trial court should have  required that the plaintiff provide employees with notice and an opportunity to object in line with Section 1985.6. *Id.* In this regard, the court noted that a nonparty employee "should not be deprived of the protections [of Section 1985.6] simply because the discovery vehicle used is a set of special interrogatories, rather than a subpoena duces tecum." *Id.*

*Life Technologies* does not stand for the proposition that Section 1985.6 applies to interrogatories—a reading that would flatly contradict the plain text of the statute. Rather, *Life Technologies* stands for the proposition that the California Constitution may require the use of an opt-out procedure analogous to that found in Section 1985.6 when a litigant

requests highly sensitive employment records. But OSP does not, on this motion, raise a privacy argument under the California Constitution, and it is at least doubtful whether the privacy right found in that document protects OSP's employees based in El Paso, Texas. Nor is the basic contact information sought in this case comparable to the sensitive information sought in *Life Technologies*. As with the disclosure of putative class members' contact information, no serious invasion of the constitutional privacy interest occurs when the information is disclosed subject to a protective order during civil litigation. *See Puerto v. Superior Court*, 158 Cal.App.4th 1242, 1253-54 (2008)

## IV.    CONCLUSION

For the reasons stated herein, the Court grants each of plaintiffs' requests to compel discovery and orders that on or before April 22, 2016, OSP shall:

1.    Provide plaintiffs with call detail information (the originating and receiving telephone numbers, and the date, time and duration of the call) for California Callers, as defined in Plaintiffs First Set of Interrogatories, recorded during the class period and identifying information (originating and receiving telephone numbers, name, address, and email address) for California Callers;

2.    Identify calls to California Callers that are associate with or resulted in an order shipped to a California mailing address;

3.    Disclose to plaintiffs the names of OSP's current call center agents who participated in calls to California Callers and the names and contact information of former OSP call center agents who participated in calls to California Callers.

**IT IS SO ORDERED.**

Dated:  March 30, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge