UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONEY McEWAN, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>OSP GROUP, L.P., et al.,<br><br>                      Defendants. | Case No.:  14-cv-2823-BEN (WVG)<br><br>**ORDER REGARDING COMMUNICATION WITH PUTATIVE CLASS MEMBERS** |

     This is a putative class action in which plaintiffs Honey McEwan, Susan Cameron, and Lillian Gilden (collectively "Plaintiffs") seek damages for alleged violations of the California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.* On March 30, 2016, this Court ordered defendants OSP Group, L.P., OSP Group Merchant, Inc., OSP Group, Inc., and OSP Group, LLC (collectively, "OSP") to produce the names and contact information of putative class members. ECF No. 78. Now before the Court is OSP and defendant Jessica London's (collectively "Defendants") request that the Court order Plaintiffs to submit any proposed written communications with putative class members to Defendants and the Court and preclude Plaintiffs from sending any written communication to putative class members without the Court's approval. ECF No. 95. Plaintiff oppose the request. ECF No. 94. The Court heard oral argument on August 2, 2016. For the reasons discussed below, Defendants' request is **DENIED**.

District courts have "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Coast Oil v. Bernard*, 452 U.S. 89, 100 (1981) (discussing Fed. R. Civ. P. 23(d)). However, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. "[S]uch a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102. "[T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." *Id.* at 104; *see also Domingo v New England Fish Co.*, 727 F.2d 1429, 1438-42 (9th Cir. 1984).

Defendants argue that they seek only a "minimal restraint" and that the balancing required under *Gulf Oil* therefore tilts their way upon a showing of only a minimal risk of abuse. ECF No. 95 at 4. The Court does not agree. The district court order disapproved in *Gulf Oil* required prior judicial approval of any communication with potential or actual class members unless the party seeking to communicate asserted a constitutional right, in which case the party was required to file a copy of the communication with the Court within five days. 452 U.S. at 94-95. The order that Defendants seek here is admittedly narrower than the order at issue in *Gulf Oil* in that it would apply only to written communications. But, like the order in *Gulf Oil*, Defendants' proposal would require Plaintiffs to obtain prior judicial approval of their communications. And, in contrast to the *Gulf Oil* order, Defendants' proposal does not include a safety valve for constitutionally protected communications. Defendants' proposal therefore is not a "minimal restraint."

During the discovery conference on August 2, 2016, Defendants proposed, as a more limited restriction, that the Court merely order Plaintiffs to turn over all communications prior to sending them out. This proposal is, perhaps, a lesser restraint than that imposed by the district court in *Gulf Oil*. Looked at another way, however, the proposal merely shifts

from the Court (a neutral arbiter) to Defendants (an adversary) the job of approving (or, more precisely, not objecting to) Plaintiffs' communications. Such an order which has the potential to stymie the usual free flow of communication, is a not an insignificant restraint on expression.

The Court must therefore evaluate whether Defendants have identified potential or actual abuses sufficient to justify the imposition of either of Defendants' proposed orders. Defendants have not identified any past abusive conduct or communications by Plaintiffs or their attorneys. Instead, Defendants argue that restraints should be imposed because of "the risk of abuse inherent in class actions" and because of the potential for damage to Defendants' business relationships with putative class members. ECF No. 95 at 5. Creatively, Defendants argue that they need to see Plaintiffs' communication so that they can prepare their call center representatives to field inquiries from concerned customers/putative class members. *Id.* However, Defendants' "risk of abuse" argument fails, as it is in essence, the same argument that was rejected in *Gulf Oil*. And, absent a showing of past or likely abuse, or of some other overriding interest, Defendants' "business relationships" argument is insufficient to justify the restraints that Defendants' seek here.

For these reasons, Defendants' request for restrictions on Plaintiffs' communications is **DENIED**. However, if Plaintiffs' communications with putative class members prove abusive or misleading, or otherwise injurious, then Defendants may renew their request for relief, which may include limitations on Plaintiffs' communications with putative class members and/or sanctions.

**IT IS SO ORDERED.**

Dated August 9, 2016

Hon. William V. Gallo
United States Magistrate Judge