JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530
La Jolla, California 92037-1474
Tel:  858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONEY McEWAN, SUSAN CAMERON, and LILLIAN GILDEN,<br><br>        Plaintiffs,<br><br>vs.<br><br>OSP GROUP, L.P., a Delaware Limited Partnership, and DOES 2-50, inclusive<br><br>        Defendants. | CASE NO. 3:14-cv-02823 BEN (WVG)<br><br>**FOURTH AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT**<br>**[Cal. Penal Code § 630 *et seq.*]** |

## GENERAL ALLEGATIONS

1.    Plaintiff Honey McEwan ("McEwan") is an individual residing in Healdsburg, California.  Plaintiff Susan Cameron ("Cameron") is an individual residing in Orange, California.  Plaintiff Lillian Gilden ("Gilden") is an individual residing in Porterville, California.  McEwan, Cameron, and Gilden are collectively referred to as "Plaintiffs."

2.    Plaintiffs are informed and believe and thereon allege that defendant OSP Group, L.P. is a Delaware limited partnership that does business in this judicial district.

3.    Plaintiffs do not know the names of the defendants sued as DOES 2 through 50 but will amend this complaint when that information becomes known. Plaintiffs allege on information and belief that each of the DOE defendants is affiliated with the named defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of the named defendant.  For ease of reference, plaintiffs will refer to the named defendant and the DOE defendant collectively as "defendants."

4.    Defendant OSP Group, L.P. removed this lawsuit to this Court pursuant to 28 U.S.C. § 1332(d).  Venue is proper in this judicial district because defendant OSP Group, L.P. has not designated a principal office in California.

5.    During the applicable statute of limitations, while plaintiff McEwan resided in and was physically present in the State of California, and while she was using a cordless telephone, McEwan had one or more telephone communications with defendants' representatives.

6.    During the applicable statute of limitations, while plaintiff Cameron resided in and was physically present in the State of California, and while she was using a landline telephone, Cameron had one or more telephone communications with defendants' representatives in which she provided confidential personal and

financial information to defendants, including her address and credit card information.

7. During the applicable statute of limitations, while plaintiff Gilden resided in and was physically present in the State of California, and while she was using a cellular telephone, Gilden had one or more telephone communications with defendants' representatives.

8. Plaintiffs allege on information and belief that defendants secretly recorded these communications. Defendants did not notify McEwan, Cameron, or Gilden that defendants were recording the communications, nor did defendants obtain plaintiffs' consent.

## FIRST CAUSE OF ACTION

### (Violation of Cal. Penal Code § 630 *et seq*.)

9. Plaintiffs incorporate by reference all of the preceding paragraphs.

10. Penal Code § 632 prohibits the intentional recording of a confidential communication without the consent of all parties to the communication. Plaintiff Cameron had an objectively reasonable expectation that her telephone communications were confidential and were not being recorded. There were no beeps, warnings, or recording disclosures played that would lead Cameron to believe that her communications were being recorded. Defendants violated § 632 by intentionally recording the communications with plaintiff Cameron without obtaining her consent.

11. Penal Code § 632.7 prohibits the intentional recording of a communication without the consent of all parties where at least one of the parties to the communication is using a cellular or cordless telephone. Defendants violated § 632.7 by intentionally recording the communications with plaintiffs McEwan and Gilden without obtaining their consent.

12. As a result of defendants' conduct, plaintiffs have been injured. Accordingly, plaintiffs are entitled to statutory damages of $5,000 per recorded

3

1  communication pursuant to Penal Code § 637.2(a)(1) and injunctive relief to halt the

2  secret recording of communications pursuant to Penal Code § 637.2(b).

3  **<u>PRAYER</u>**

4      WHEREFORE, plaintiffs pray for judgment against defendants as follows:

5      1.    For statutory damages as alleged herein;

6      2.    For injunctive relief as alleged herein;

7      3.    For costs of suit;

8      4.    For pre-judgment interest; and

9      5.    For such other relief as the Court may deem just and proper.

10  Dated: November  15, 2016        DOSTART HANNINK & COVENEY LLP

11

12          /s/ James T. Hannink

13          JAMES T. HANNINK
        Attorneys for Plaintiffs

14  785023.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOURTH AMENDED COMPLAINT        3:14-cv-02823 BEN WVG